RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9 / 23 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| UNITED STATES OF AMERICA | CRIMINAL NO. 95-10010 |
|---|---|
| -vs- | JUDGE DRELL |
| GUS S. MIJALIS | MAGISTRATE JUDGE KIRK |

## RULING ON APPEAL

Defendant has appealed from a ruling of Magistrate James D. Kirk refusing to block a judgment debtor examination (Documents No. 57 and 62). The Appeal is DENIED and DISMISSED. The Court's refusal to block the judgment debtor examination was correct.

Defendant claims essentially that the restitution orders issued in this case may be invalid because they are tied to various forms of security and removed from the defendant's personal liability obligations. We have reviewed the record of this case and note that the orders were not appealed and have long been final. They are not subject to collateral attack in this fashion.

Secondly, we do find that there are outstanding and unpaid fines and the

government may proceed to examine defendant regarding these unpaid fines.

Finally, and especially, defendant argues that the obligations are "prescribed" and cites us to *Sobranes Recovery Pool I, LLC vs. Todd & Hughes Constr. Corp.*, 509 F.3d 214 (5th Cir. 2007) and Louisiana Civil Code Art. 3501.

Unfortunately counsel has ignored the provision of 18 U.S.C. § 3613(b) and (c), which provides:

> (b) Termination of Liability. The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.
>
> (c) Lien.  A fine imposed pursuant to the provision of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.  The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

Defendant's resort to the matter of statutes of limitation in civil matters is totally inappropriate and inapplicable.  It is clear that the provisions of the plea agreement allowing for collection of the restitution amounts from third parties and incorporated in the Court's restitution orders were nothing more than <u>funding</u> mechanisms to pay the restitution owed by the <u>defendant</u>. That concept is also markedly consistent with the obvious intent of the foregoing parts of § 3613.  The enforceable lien is a fine or restitution order on the property or rights to property of the <u>person fined</u>.

2

Nothing in these proceedings, and the prior attempts to obtain funding for the restitution amounts has altered the obligations in § 3613.

SIGNED on this 23ʳᵈ day of September, 2011 at Alexandria, Louisiana.


DEE D. DRELL
UNITED STATES DISTRICT JUDGE